UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KENNETH PORTER,<br><br>　　　　　　　　　　Petitioner,<br><br>　　vs.<br><br>C.D.C.R.,<br><br>　　　　　　　　　　Respondent. | Civil No.　10-1328 LAB (BGS)<br><br>**ORDER DISMISSING PETITION FOR FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS** |

　　　　On June 18, 21010, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Eastern District of California. [Doc. No. 1.] On June 23, 2010, the case was transferred to this Court. [Doc. No. 2.]

**FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

　　　　Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Petitioner lists various problems he claims he is facing in prison. Specifically, Petitioner claims that he has reported two incidents of administrative and custodial misconduct and has not been given a crime incident report despite numerous requests. Petitioner's claim is not cognizable on habeas because it does not challenge the constitutional validity or duration of confinement. See 28 U.S.C. § 2254(a); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Heck v. Humphrey, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral attacks on state court

1  judgments." McGuire v. Blubaum, 376 F. Supp. 284, 285 (D. Ariz. 1974).

2      In no way does Petitioner claim his state court conviction violates the Constitution or laws or treaties of the United States. Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it is plain from the petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged that the state court violated his federal rights.

    Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser, 411 U.S. at 488-500. When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Id. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997). It appears that Petitioner challenges the conditions of his prison life, but not the fact or length of his custody.[1] Thus, Petitioner has not stated a cognizable habeas claim pursuant to § 2254.

//
//
//
//
//
//
//

---

[1] Petitioner filed a § 1983 complaint in case number 09cv1566 MMA (PCL), which was dismissed on August 26, 2009.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this case without prejudice for failure to state a cognizable claim on habeas corpus. **IT IS HEREBY ADJUDGED THAT JUDGMENT BE ENTERED DISMISSING THE PETITION AND THE ACTION.**

**IT IS SO ORDERED.**

DATED: July 10, 2010

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge